Arturo Torrellas Ramírez, Plaintiff and Appellee, *v.* Heirs of Pablo F. Torrellas Ramírez *et al.*, Defendants and Appellants.

No. 7942. Argued February 14, 1940.—Decided July 26, 1940.

*F. González Fagundo* for appellants. *José Sabater* for appellee.

Mr. Justice Hutchison delivered the opinion of the court.

In disposing of a motion to dismiss the present appeal as frivolous, this court speaking through Mr. Justice Wolf, 54 P.R.R. 499, said:

"... The general trend of the complaint is, as we read it, that it was an attempt to recover from each of said defendants the amount that he individually owed, after deducting profits and adding interest. The complaint sets up the amount that each of said defendants owed.

"The appellants in this case demurred to the complaint for a lack of jurisdiction inasmuch as the amount to be recovered in each case was less than the jurisdictional amount for which a complaint could be brought in a district court. We may add that when the contract between the parties was entered into originally, they were all tenants

in common of a particular farm; that there was a partition of land among the said defendants so that each of them, at and before this suit, owned his part individually.

"The court below overruled the demurrer stating that while the prayer of the complaint did not ordinarily form part of it, yet it could be taken into consideration in this case and that it asked that the defendants be condemned to pay jointly and severally (*solidaria y mancomunadamente*) the sum of $615.28.

"We question seriously whether the complaint shows anything but a separate liability against each of the defendants. In any event, the facts as to whether the defendants are collectively or individually liable are not so clear that the appellants should not be heard, on appeal, as to the merits of their demurrer."

The first assignment is that the district court erred in overruling a demurrer for want of jurisdiction in the district court.

■■ None of the defendants owed as much as $500. The total amount owed by all of them was more than $500. If different causes of action for the different amounts involved had been joined in one action against a single individual for the total amount of his indebtedness to plaintiff, the district court would have had jurisdiction. See *Schlüter* v. *Solano,* 42 P.R.R. 152; *Ramírez* v. *Muñoz et al.,* 33 P.R.R. 350, and *Perea* v. *Castro,* 25 P.R.R. 98. The *ratio decidendi* in these cases, we think, disposes of the question raised by the first assignment. In any event, the brief for appellants has failed to satisfy us that the district court erred in overruling the demurrer.

■ There is more merit in the second assignment. It is that the district court erred in disregarding the provisions of sections 1090 and 1091 of the Civil Code (1930 ed.). Those sections read as follows:

"Section 1090.—The concurrence of two or more creditors, or of two or more debtors in a single obligation, does not imply that each one of the former has a right to ask, nor that each one of the latter is bound to comply in full with the things which are the

object of the same. This shall only take place when the obligation determines it expressly, being constituted as a joint obligation.

"Section 1091.—If from the context of the obligations referred to in the preceding section any other thing does not appear the credit or the debt shall be presumed as divided in as many equal parts as there are creditors or debtors, being considered as credits or debts, each one different from the other."

We find no satisfactory evidence of a joint and several obligation.

The third assignment is that the district court erred in awarding costs and attorney's fees. The award, we think, should not have included attorney's fees.

The judgment of the district court will be modified accordingly, and as modified, affirmed.

Mr. Justice De Jesús took no part in the decision of this case.